Jones, J.
Jacob C. Wagner, a citizén and taxpayer of the village of Leipsic, brought suit against the village, seeking to enjoin the village from constructing an ornamental street-lighting system, and the levy of assessments against the plaintiff’s abutting property for its payment. Eighty per cent, of the cost of installation was to be paid by the abutting property owners, according to their foot frontage, and the balance collected by levy upon the property in the village.
On May 31, 1921, the council, three-fourths of the members concurring, proceeding under Section 3812, *467 General Code, adopted a resolution of necessity, providing for the construction of twenty-five street lights, on both'sides of certain streets, being a system “commonly known and designated as an ornamental street lighting system, all in accordance with the plans, specifications and profiles now on file with the clerk of said village.” The contract therefor was later awarded by the village to the WentworthDean Electric Company at an approximate cost of $4,500.
The common pleas court refused the relief asked for, but upon appeal to the court of appeals that court found in favor of the plaintiff and enjoined the collection of any assessments against his property for the proposed construction and maintenance of the ornamental lighting system. Error was thereupon prosecuted to this court.
Counsel for the village admit that procedure to install the ornamental system of lighting was taken under favor of Section 3812, General Code. The first question that arises in the case is whether the municipality had authority to install this ornamental lighting system under that section. In an opinion, one of the members of the court of appeals expressed the view that the municipality had no such authority, for the reason that the section confined the-powers of the council to an ordinary and not to a lux-. urious lighting system. Section 3812, General Code, is broad and comprehensive. It authorizes municipal corporations to levy and collect special assessments and to “assess upon the abutting, adjacent and contiguous or other specially benefited lots” any part of the cost of lighting. This cost may be paid by three methods, by percentage of tax value; in *468 proportion to the benefits resulting; or by the foot front of the property abutting. Under the general authority of this section council is not confined to simple ordinary methods of street lighting, paving, constructing sidewalks or tree planting. The character of these improvements must necessarily be left to the determination of council. Many parts of a municipality may require an improvement more expensive or ornamental than other parts of the municipality, and so long as council acts within its constitutional and statutory limitations the court has no power to interfere. This is largely a question of municipal policy, which has been safeguarded by requiring a three-fourths vote of the. members of council for a measure’s adoption. It may be that assessment by the foot frontage may not be as equitable as assessment by one of the other methods. However, the statute has conferred upon council the right to determine the method of assessment, which the court is powerless to control unless some constitutional limitation be ignored.
In reversing the common pleas court the court of appeals held that the later sections adopted by the legislature, to-wit, Section 3842-1 et seq., General Code, repealed Section 3812 by implication, in so far as the latter may have authorized the installment of ornamental or boulevard lighting. Section 3842-1, General Code, provides that “When a petition signed by three-fourths in interest of the owners of property abutting upon any street * * * is presented to the council * * * for the improvement thereof by an improved system of lighting commonly known as boulevard or white way lighting, to be paid for in whole or in part by special assess *469 ments upon the adjacent, abutting or specially benefited property,” the council may provide for such system by ordinance. Section 3842-3, General Code, provides that the cost and expense be “assessed upon the abutting or other specially benefited property by one of the methods provided for in the first section of this chapter.” The methods of these assessments are the same as employed when the assessments are made for improvements under Section 3812, General Code. Therefore, when the legislature adopted the provisions of Section 3842-1 et seq., General Code, it merely provided an additional or supplemental method by which a boulevard or ornamental system of lighting may be had. This is upon the initiative of the abutting property owners upon a petition signed by three-fourths in interest. These latter sections did not repeal Section 3812, General Code, by implication, nor were they a substitute for it. Action in the one instance is taken upon the initiative of the council and in the other upon the initiative of the property owners, and whether it be taken under either initiative the statute has left to the determination of the council by which of the three methods the cost of the improvement may be paid. These statutes are in pari materia; both deal with improvements relating to street lighting and are not irreconcilable. Section 3842-1 et seq., General Code, do not expressly repeal the general act, Section 3812.
The rule covering repeals by implication has been well settled in Arzonico v. Board of Education of West New York, 75 N. J. L., 21: “Where a new remedy is authorized by statute, without an express repeal of a former one relating to the same subject- *470 matter, and the new remedy is not inconsistent with the former one, the statute is to he regarded as creating a concurrent remedy, and not as abrogating the former one.”
In Dodge v. Gridley, 10 Ohio, 174, the syllabus states: “Two statutes in pari materia shall stand together, and both have effect if possible, for the law does not favor repeals by implication.” Judges Brinkerhoff and McIlvaine, respectively, in Buckingham v. Steubenville & Indiana Rd. Co., 10 Ohio St., 25, and State, ex rel. Olds, v. Commissioners, 20 Ohio St., 421, adhered to the rule announced. In the latter case McIlvaine, J., speaking of the rules of construction, said at page 424: “That the doctrine of statutory repeals by implication is not favored, and that such repeals will not be declared unless they are necessarily implied. And that statutes in pari materia should be so construed as to give effect to all their provisions, and if they can be construed so as to stand well together, there is no repeal by implication.”
The judgment of the court of appeals is reversed and that of the common pleas court affirmed.

Judgment reversed.

Johnson, Hough, Wanamaker and Matthias, JJ., concur.
Marshall, C. J., dissents.